**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| CNH INDUSTRICAL AMERICA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N12C-07-108 EMD CCLD |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN CASUALTY COMPANY OF | ) | TRIAL BY JURY OF TWELVE |
| READING, PENNSYLVANIA, et al. | ) | DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Upon Consideration of Plaintiff's Motion for Partial Summary Judgment Against Travelers
Seeking Payment of Defense Costs and Statutory Interest*
***DEFERRED as set forth below***

Brian M. Rostocki, Esquire, and John C. Cordrey, Esquire, Reed Smith LLP, Wilmington, Delaware and James M. Davis, Esquire, Thomas A. Marrinson, Esquire, Evan T. Knott, Esquire, and Emily E. Garrison, Esquire, Reed Smith LLP, Chicago, Illinois. *Attorneys for CNH Industrial America LLC*.

Neal J. Levitsky, Esquire, and Seth A. Niederman, Esquire, Fox Rothschild LLP, Wilmington, Delaware and Richard L. McConnell, Esquire, and Dale E. Hausman, Esquire, Wiley Rein LLP, Washington, DC. *Attorneys for The Travelers Indemnity Company*.

**DAVIS, J.**

## INTRODUCTION AND PROCEDURAL BACKGROUND

This is an action for declaratory relief and breach of contract filed by Plaintiff CNH Industrial America LLC ("CNH") against a number of insurance companies, including Travelers Indemnity Company ("Travelers"). The complaint alleges that the defendant insurance companies have failed to honor defense and coverage obligations arising from asbestos-related lawsuits filed against CNH.

On October 10, 2014, CNH filed its Plaintiff CNH Industrial America LLC's Motion for Partial Summary Judgment Against Travelers Seeking Payment of Defense Costs and Statutory Interest (the "Motion"). Through the Motion, CNH asks the Court to hold that (i) Travelers waived any right to challenge the reasonableness of the defense costs (ii) Wisconsin law applies (iii) that Travelers must reimburse all of CNH's defense costs and (iv) that CNH is entitled to statutory interest.

On May 1, 2015, Travelers filed its Defendant The Travelers Indemnity Company's Opposition To Plaintiff CNH Industrial America LLC's Motion For Partial Summary Judgment Against Travelers Seeking Payment Of Defense Costs and Statutory Interest (the "Opposition"). Travelers contends that CNH is not entitled to payment of defense costs because (i) all the policies are subject to Texas law (ii) Travelers has no duty to defend because CNH is not an insured under any of the Tenneco policies (iii) there is no duty to defend on Travelers' part because CNH elected to control the defense and settlement of the underlying asbestos lawsuits (iv) CNH cannot demonstrate that asbestos claims at issue involve products manufactured by J.I. Case (v) CNH failed to provide timely notice and (vi) CNH has not complied with its discovery obligation depriving Travelers of critical information. On May 14, 2015 CNH filed its Plaintiff's Reply Brief in Support of Its Motion for Partial Summary Judgment Against Travelers Seeking Payment of Defense Costs and Statutory Interest (the "Reply").

On May 18, 2015, the Court held a hearing (the "May 18 Hearing") on a series of outstanding motions filed by the parties in this civil action, including the Motion, the Opposition and the Reply. After hearing arguments, the Court took the Motion under advisement. The Court did make certain rulings on other motions that impacted the relief sought in the Motion during the May 18 Hearing. The Court held that Wisconsin law applied with respect to the

2

relevant insurance policies (the "Insurance Policies") and that the Insurance Policies had been effectively assigned to CNH as part of the 1994 reorganization agreements.

On July 6, 2015, Travelers filed a letter (the "July 6 Letter") with the Court. In the July 6 Letter, Travelers contends that certain payments recently made by Travelers to CNH for losses and defense costs "allegedly" incurred by CNH with respect to the Underlying Lawsuits means that certain issues under the Motion, and the other pending motions, may require additional briefing. CNH responded to the July 6 Letter on July 9, 2015 (the "July 9 Letter"). Not surprisingly, CNH disagrees with Travelers' position as set out in the July 6 Letter. In the July 9 Letter, CNH contends that the payments do not "impact or influence the arguments made in the pending motions…." Despite taking this position in the July 9 Letter, CNH subsequently filed its Plaintiff's Motion Seeking an Expedited Declaration of CNH's Right to Cash Checks Sent by Travelers and Rejecting Travelers' Attempts to Prejudice CNH by Mischaracterizing those Checks (the "Checks Motion") on August 6, 2015. In response to the Checks Motion, the Court set an expedited briefing schedule that should be completed by September 22, 2015.

As set forth below, the Court does believe certain issues pending in the Motion should be deferred pending briefing on the Checks Motion and explanation by Travelers why its payments impact the Motion. However, the Court also notes that the Court's decision, issued on August 21, 2015, on Plaintiff CNH Industrial America LLC's Motion For Partial Summary Judgment Regarding The Duty To Defend ("Duty to Defend Decision") are dispositive on issues raised in the Motion.

## LEGAL STANDARD

The standard of review on a motion for summary judgment is well-settled. The Court's principal function when considering a motion for summary judgment is to examine the record to

determine whether genuine issues of material fact exist, "but not to decide such issues."[1] Summary judgment will be granted if, after viewing the record in a light most favorable to a non-moving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[2] If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[3] The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[4] If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[5]

## APPLICABLE WISCONSIN LAW

On May 18, 2015, the Court held that Wisconsin law applied to the Insurance Policies, including the Case Insurance Policy. The Court also determined that the Insurance Policies, including the Case Insurance Policy, had been assigned to CNH, and that assignment of those policies after the loss occurred was not a violation of the anti-assignment clauses contained in those policies. Accordingly, the Court will address the issues raised in the Motion under Wisconsin law.

The Court has extensively reviewed Wisconsin law on timeliness of notice. The failure to provide timely notice as required by the policy does not defeat coverage unless the insurer is

---

[1] *Merrill v. Crothall-American Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973).
[2] *Id.*
[3] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962). *See also Cook v. City of Harrington*, 1990 WL 35244 at *3 (Del. Super. Feb. 22, 1990) (citing *Ebersole*, 180 A.2d at 467) ("Summary judgment will not be granted under any circumstances when the record indicates … that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").
[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970) (citing *Ebersole*, 180 A.2d at 470).
[5] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).

4

prejudiced by the failure.[6] An insurer is prejudiced by late notice when, for example, the insurer cannot investigate the facts necessary to assess whether coverage should be provided.[7] Another example is when the insurer has been denied the opportunity to have input into the manner in which the underlying claim is being defended.[8] While the existence of prejudice is ordinarily a question of fact, it may be resolved on summary judgment where there is no genuine issue of material fact and one party is entitled to judgment as a matter of law.[9] Moreover, statutes in Wisconsin provide additional guidance on who bears the burden to demonstrate prejudice when there are issues as to the timeliness of notice.[10]

As set forth in the Duty to Defend Decision,[11] the Court reviewed the applicable law and went on to hold that Travelers has a duty to provide CNH with a defense as to the Underlying Lawsuits so long as CNH is seeking a defense only for those asbestos-related complaints which either refer to a J.I. Case Company product or do not refer to a brand name, and does not seek a defense for a complaint which only refers to International Harvester, New Holland or another non-J.I. Case Company brand. The Duty to Defend Decision also provides that Travelers' duty to defend may be excused if there is a determination that CNH provided untimely notice or failed to cooperate to the extent that CNH's actions were material breaches and Travelers was prejudiced.

CNH contends that waiver applies on many of the issues relating to the reasonableness of defense cost, settlement and alike. Travelers argues that these matters remain contested issues of fact. The Court also held in the Duty to Defend Decision that the issue of whether Travelers

---

[6] *Int'l Flavors & Fragrances, Inc. v. Valley Forge Ins. Co.*, 738 N.W.2d 159, 162-63 (Wis. 2007).
[7] *Bradley*, 660 N.W.2d at 683.
[8] *Id.*
[9] *Valley Forge Ins. Co.*, 738 N.W.2d at 162-63.
[10] *See, e.g.,* WIS. STAT. § 631.81 and WIS. STAT. § 632.26.
[11] If there is any discrepancy between this decision and the Duty Defend Decision, the Duty to Defend Decision controls.

waived may provide a basis for summary judgment on many open issues as to the duty to defend. The same would seem to apply to the issues of payment of defense costs, the reasonableness of those defense costs and interest.

In the Duty to Defend Decision, the Court has deferred ruling on the issue of waiver and, if necessary, the issues of timely notice and prejudice. Decisions on those issues will necessarily impact a ruling on the Motion. As such, it will be necessary to defer a final ruling on the Motion until the briefing under the Duty to Defend Decision is complete.

### CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Motion is **DEFERRED** for further briefing consistent with the Duty to Defend Decision. The Court will contact the parties to set up a status conference on briefing and additional oral arguments.

Dated: August 21, 2015
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, Judge